# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| UNILOC 2017 LLC and UNILOC USA, INC.<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 2:18-cv-00503-JRG<br><br>JURY TRIAL DEMANDED |

**DEFENDANT GOOGLE LLC PATENT RULE 3-3
INVALIDITY CONTENTIONS**

1

Pursuant to Local Patent Rules ("P.R.") 3-3 and 3-4, Defendant Google LLC ("Google" or "Defendant") hereby serves its Invalidity Contentions and accompanying document production on Plaintiffs Uniloc 2017 LLC and Uniloc USA, Inc. (collectively, "Uniloc" or "Plaintiffs"). Google's discovery and investigation in connection with this lawsuit are continuing, and thus these disclosures are based on information reasonably obtained to date in view of the set of claims currently asserted by Uniloc. Google reserves the right to supplement or modify these contentions, consistent with any Court order, Federal Rules, and/or Local Rules, including, but not limited to, P.R. 3-6.

## I. INTRODUCTION

In this case, and based on Uniloc's P.R. 3-1 Infringement Contentions, served on May 6, 2019, Uniloc has asserted the following claims of U.S. Patent No. 9,141,489 ("'489 Patent" or "Patent-In-Suit"):

- Claims 1-9, 12, and 15.

The above identified claims of the Patent-In-Suit are collectively referred to herein as the "asserted claims."

Defendant's Invalidity Contentions are based in whole or in part on its present understanding of Uniloc's contentions concerning the scope and construction of the asserted claims, including from Uniloc's Infringement Contentions, and Defendant's own understanding of the scope and construction of those claims. Uniloc's Infringement Contentions are deficient, particularly insofar as they fail to articulate how any single accused product, system, or application (or its use) infringes each and every element of any of the asserted claims. In particular, Google has set forth exemplary deficiencies in this regard in its correspondence dated July 1, 2019, to which Uniloc has failed to respond and/or follow up with corrected infringement

invalid under at least 35 U.S.C. § 102 because they were each in public use or on sale or available before the date of the Patent-In-Suit.

Pursuant to P.R. 3-3(c), subject to Defendant's reservation of rights, Defendant hereby submits the attached Exhibits identifying where specifically in each item of prior art each limitation of each asserted claim is found.

### D.      Patent Rule 3-3(d) Disclosure

Pursuant to P.R. 3-3(d), Defendant lists below the grounds upon which the asserted claims of the Patent-In-Suit are invalid based on patent ineligibility under 35 U.S.C.§ 101 and indefiniteness, lack of written description, and lack of enablement under 35 U.S.C. § 112.

#### 1.      Patent-Ineligible Subject Matter

In *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014), the Supreme Court followed the two-step framework set forth in *Mayo Collaborative Servs. v. Prometheus Labs, Inc.*, 566 U.S. 66, 71 (2012) "for distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." *Alice*, 573 U.S. at 217.  The first step is an analysis of whether the asserted claims are directed to a patent-ineligible concept. *Id.*  If the claims are directed to a patent-ineligible concept, such as an abstract idea, then in the second step, the court must consider "the elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application." *Id.*  Step two is often described as "a search for an 'inventive concept.'" *Id.* at 217-18.  "When viewing claim elements individually, the court must remember that recitation of conventional, routine, or well-understood activity will not save an abstract claim." *California Inst. of Tech. v. Hughes Commc'ns, Inc.*, 59 F. Supp. 3d 974, 980 (citing *Alice*, 573 U.S. at 223).  However, "[w]hen viewing claim elements as an ordered combination, the court should not ignore the presence of

any element, even if the element, viewed separately, is abstract." *Id.* "If the ordered combination of elements constitutes conventional activity, the claim is not patentable, but courts should remember that a series of conventional elements may together form an unconventional, patentable combination." *Id.*

The asserted claims of the Patent-In-Suit are invalid under 35 U.S.C. §101. First, the asserted claims of the Patent-In-Suit are directed to the abstract idea of automatically routing data to a valid second server when a first server is invalid based on its reported status. The Federal Circuit has determined that the concepts of data collection, recognizing data within that data set, and automatically taking action based on the recognized data, are undisputedly well-known and human-performed functions that amount to an abstract idea. *See Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1347 (Fed. Cir. 2014). Furthermore, automatically (re-)routing data in a network of computers, and determining and storing the computers' statuses to do so, utilizing conventional computer components, such a routing devices and memory, are "'well-understood, routine, conventional activities,' previously known to the industry." *See OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1363 (Fed. Cir. 2015) (quoting *Alice Corp. Pty. Ltd. v. CLS Bank Int'l.*, 134 S. Ct. 2347, 2359 (2014)).

Second, the asserted claims lack any additional features that qualify as an inventive concept sufficient to transform the claimed abstract idea into a patent-eligible invention. Rather, the specification merely takes the abstract idea, and then claims the implementation on conventional hardware, such as a server, routing device, and memory, using well-known computer techniques. In other words, the asserted claims "do not recite anything more than simply stating the abstract idea while adding the words 'apply it'" to a generic computer. *See Data Engine Technologies LLC v. Google LLC*, 906 F.3d 999, 1013 (Fed. Cir. 2018) (citing

*Alice*, 673 U.S. at 221) (internal quotation marks and alterations omitted); *see also DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1256 (Fed. Cir. 2014) ("[A]fter *Alice*, there can remain no doubt: recitation of generic computer limitations does not make an otherwise ineligible claim patent-eligible."). Therefore, the asserted claims of the '489 Patent are invalid under 35 U.S.C. §101.

### 2. Indefiniteness

Defendant contends that the asserted claims of the Patent-In-Suit are invalid as indefinite under 35 U.S.C. § 112 because the claims do not particularly point out and distinctly claim the subject matter which the applicant regards as the invention. In particular, a person of ordinary skill in the art would be unable to ascertain the boundaries of the claims that recite the following limitations with reasonable certainty:

- "receiving periodically at the routing device a status message from the first server" (claim 1)
- "detecting at the routing device an invalid status message from the first server by absence of the fingerprint in a status message from the first server within a predetermined time period after last receiving a valid status message at the routing device" (claim 1)
- "the detecting step further comprises comparing the status message received from the first server to the fingerprint stored on the routing device and determining that the status message is valid only if a fingerprint encoded in the status message received matches the fingerprint stored in the routing device" (claim 2)
- "receiving periodically at the routing device a status message from the second server" (claim 3)
- "detecting at the routing device an invalid status message from the second server by absence of the second server fingerprint in a status message from the second server

Dated:  July 15, 2019 /s/ *Nicholas H. Lee*
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846

Michael A. Berta
michael.berta@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Tel: 415-471-3100
Fax: 415-471-3400

Nicholas H. Lee
nicholas.lee@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017-5844
Tel: 213-243-4000
Fax: 213-243-4199

David A. Caine
david.caine@arnoldporter.com
Bonnie Phan
bonnie.phan@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
3000 El Camino Real Five Palo Alto Square,
Suite 500
Palo Alto, CA  94306-3807
Tel: 650-319-4500
Fax: 650-319-4700

Nicholas M. Nyemah
nicholas.nyemah@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP

601 Massachusetts Ave, NW
Washington, DC  20001-3743
Tel: 202-942-5000
Fax: 202-942-5999

Mark Samartino
mark.samartino@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
70 West Madison Street Suite 4200
Chicago, IL  60602-4231
Tel: 312-583-2300
Fax: 312-583-2360

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 15, 2019, a true and correct copy of the foregoing was served to the parties' counsel of record via electronic mail.

*/s/ Nicholas H. Lee*