# **<u>Exhibit 3</u>**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| UNILOC 2017 LLC and UNILOC USA, INC. | |
| Plaintiffs, | Case No. 2:18-cv-00504-JRG |
| v. | JURY TRIAL DEMANDED |
| GOOGLE LLC, | |
| Defendant. | |

**DEFENDANT GOOGLE LLC PATENT RULE 3-3**
**INVALIDITY CONTENTIONS**

Pursuant to Local Patent Rules ("P.R.") 3-3 and 3-4, Defendant Google LLC ("Google" or "Defendant") hereby serves its Invalidity Contentions and accompanying document production on Plaintiffs Uniloc 2017 LLC and Uniloc USA, Inc. (collectively, "Uniloc" or "Plaintiffs").  Google's discovery and investigation in connection with this lawsuit are continuing, and thus these disclosures are based on information reasonably obtained to date in view of the set of claims currently asserted by Uniloc.  Google reserves the right to supplement or modify these contentions, consistent with any Court order, Federal Rules, and/or Local Rules, including, but not limited to, P.R. 3-6.

## I.      INTRODUCTION

In this case, and based on Uniloc's P.R. 3-1 Infringement Contentions, served on May 6, 2019, Uniloc has asserted the following claims of U.S. Patent No. 8,949,954 ("'954 Patent" or "Patent-In-Suit"):

- Claims 1-4, 6, 9, and 12-14.

The above identified claims of the Patent-In-Suit are collectively referred to herein as the "asserted claims."

Defendant's Invalidity Contentions are based in whole or in part on its present understanding of Uniloc's contentions concerning the scope and construction of the asserted claims, including from Uniloc's Infringement Contentions, and Defendant's own understanding of the scope and construction of those claims.  Uniloc's Infringement Contentions are deficient at least insofar as they fail to articulate how any single accused product, system, or application (or its use) infringes each and every element of any of the asserted claims, and Defendant reserves the right to amend its Invalidity Contentions in response to any permissible supplementation or amendment of Uniloc's Infringement Contentions.  Defendant reserves the right to interpret

**D.** **Patent Rule 3-3(d) Disclosure**

Pursuant to P.R. 3-3(d), Defendant lists below the grounds upon which the asserted claims of the Patent-In-Suit are invalid based on indefiniteness, lack of written description, and lack of enablement under 35 U.S.C. §112.

**1.** **Patent-Ineligible Subject Matter**

In *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014), the Supreme Court followed the two-step framework set forth in *Mayo Collaborative Servs. v. Prometheus Labs, Inc.*, 566 U.S. 66, 71 (2012) "for distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." *Alice*, 573 U.S. at 217. The first step is an analysis of whether the asserted claims are directed to a patent-ineligible concept. *Id.* If the claims are directed to a patent-ineligible concept, such as an abstract idea, then in the second step, the court must consider "the elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application." *Id.* Step two is often described as "a search for an 'inventive concept.'" *Id.* at 217-18. "When viewing claim elements individually, the court must remember that recitation of conventional, routine, or well-understood activity will not save an abstract claim." *California Inst. of Tech. v. Hughes Commc'ns, Inc.*, 59 F. Supp. 3d 974, 980 (citing *Alice*, 573 U.S. at 223). However, "[w]hen viewing claim elements as an ordered combination, the court should not ignore the presence of any element, even if the element, viewed separately, is abstract." *Id.* "If the ordered combination of elements constitutes conventional activity, the claim is not patentable, but courts should remember that a series of conventional elements may together form an unconventional, patentable combination." *Id.*

The asserted claims of the '954 Patent are invalid under 35 U.S.C. §101.  First, the asserted claims of the '954 Patent are directed to the abstract idea of authenticating access to information based on the identity of the device making the request and a location of the device, determining whether the device was previously authorized, and contacting a user to authorize access if there is a mismatch.  The Federal Circuit found in *CyberSource Corp. v. Retail Decisions*, 654 F.3d *1366 (Fed. Cir. 2011)*, that claims analogous to the asserted claims in this case were directed to an abstract idea verifying the validity of a credit card transaction over the Internet.  In *CyberSource*, the court found that the claim was directed  to "detecting credit card fraud based on information relating past transactions to a particular 'Internet address'" by obtaining information on previous transactions related to the address, creating a map from the previous transactions, and comparing the transaction to a map constructed from previous transactions.  *Id.* at 1372.  The court found that these were steps that could "be performed in the human mind, or by a human using a pen and paper" and thus, was unpatentable.  *Id.* at 1372-73.

Second, the asserted claims lack any additional features that qualify as an inventive concept sufficient to transform the claimed abstract idea into a patent-eligible invention.  Rather, the specification merely takes the abstract idea of identifying a device making a request, comparing it to a database of devices that were previously granted access, and contacting a user if there is a mismatch, and then claims the implementation on generic hardware, such as a server, database, and memory.  In other words, the asserted claims "do not recite anything more than simply stating the abstract idea while adding the words 'apply it'" to a generic computer.  *See Data Engine Technologies LLC v. Google LLC*, 906 F.3d 999, 1013 (Fed. Cir. 2018) (citing *Alice*, 673 U.S. at 221) (internal quotation marks and alterations omitted); *see also DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1256 (Fed. Cir. 2014) ("[A]fter *Alice*, there

can remain no doubt: recitation of generic computer limitations does not make an otherwise ineligible claim patent-eligible.").  Therefore, the asserted claims of the '954 Patent are invalid under 35 U.S.C. §101.

### 2.    Indefiniteness

Defendant contends that the asserted claims of the Patent-In-Suit are invalid as indefinite under 35 U.S.C. § 112 because the claims do not particularly point out and distinctly claim the subject matter which the applicant regards as the invention.  In particular, a person of ordinary skill in the art would be unable to ascertain the boundaries of the claims that recite the following limitations with reasonable certainty:

- "identifying, responsive to the server receiving the request, the remote computing device fingerprint and by a requesting location" (Claim 1)

- "device fingerprint" (Claim 1)

- "a customer notification program which, when executed by the server, performs steps for" (Claim 1)

- "the remote computing device fingerprint" (Claim 1)

- "the device fingerprint" (Claim 1)

- "a previously authorized device fingerprint" (Claim 1)

- "a number of device fingerprints previously authorized to access the customer account information" (Claim 1)

- "previously authorized to access the customer account information"  (Claim 1)

- "determining a mismatch between the device fingerprint and each of the previously authorized device fingerprints"  (Claim 1)

- "the customer" (Claim 1)

- "the previously authorized device fingerprints"  (Claim 1)

Dated:  July 15, 2019                    /s/ David A. Caine                         
                                         Michael E. Jones
                                         State Bar No. 10929400
                                         mikejones@potterminton.com
                                         POTTER MINTON, P.C.
                                         110 N. College Ave., Suite 500
                                         Tyler, Texas 75702
                                         Tel: 903-597-8311
                                         Fax: 903-593-0846

                                         Michael A. Berta
                                         Michael.berta@arnoldporter.com
                                         ARNOLD & PORTER
                                         KAYE SCHOLER LLP
                                         Three Embarcadero Center
                                         10th Floor
                                         San Francisco, CA 94111-4024
                                         Tel: 415-471-3100
                                         Fax: 415-471-3400

                                         Nicholas H. Lee
                                         Nicholas.lee@arnoldporter.com
                                         ARNOLD & PORTER
                                         KAYE SCHOLER LLP
                                         777 South Figueroa Street
                                         44th Floor
                                         Los Angeles, CA 90017-5844
                                         Tel: 213-243-4000
                                         Fax: 213-243-4199

                                         David A. Caine
                                         David.Caine@arnoldporter.com
                                         Bonnie Phan
                                         Bonnie.Phan@arnoldporter.com
                                         ARNOLD & PORTER
                                         KAYE SCHOLER LLP
                                         3000 El Camino Real Five Palo Alto Square,
                                         Suite 500
                                         Palo Alto, CA  94306-3807
                                         Tel: 650-319-4500
                                         Fax: 650-319-4700

                                         Nicholas M. Nyemah
                                         nicholas.nyemah@arnoldporter.com
                                         ARNOLD & PORTER
                                         KAYE SCHOLER LLP

601 Massachusetts Ave, NW
Washington, DC  20001-3743
Tel: 202-942-5000
Fax: 202-942-5999

Mark Samartino
mark.samartino@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
70 West Madison Street Suite 4200
Chicago, IL  60602-4231
Tel: 312-583-2300
Fax: 312-583-2360

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 15, 2019, a true and correct copy of the

foregoing was served to the parties' counsel of record via ECF pursuant to Local Rule CV-5(d).

*/s/ David A. Caine*