UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL HANDY,

    Plaintiff,

v.

J. TAYLOR, et al.,

    Defendants.

Case No. 20-cv-00305-YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND; AND ADDRESSING PENDING MOTION**

## I. INTRODUCTION

Plaintiff, who is currently incarcerated at the Pelican Bay State Prison ("PBSP"), filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 against PSBP officials stemming from an incident of alleged excessive use of force on April 18, 2019. Dkt. 1 at 3.[1] Plaintiff names the following Defendants from PBSP: Correctional Officers J. Taylor, A Harris, J. Rice, and J. Rhodes; and Lieutenant J. Frisk. *Id.* at 2. Plaintiff seeks monetary damages. *Id.* at 3. The Court has granted his motion for leave to proceed *in forma pauperis*, and it denied his request for appointment of counsel. Dkt. 14. Plaintiff also seems to request to amend his complaint to add new claims. Dkt. 9 at 2.

Venue is proper because certain events giving rise to the claims are alleged to have occurred at PBSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

For the reasons explained below, the complaint is dismissed with leave to amend.

## II. DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

---

[1] Page number citations refer to those assigned by the court's electronic case management filing system and not those assigned by Plaintiff.

monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633; *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995). To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. *See Paul v. Davis*, 424 U.S. 693, 697 (1976).

Although a plaintiff is not required to plead "specific factual details not ascertainable in advance of discovery," *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986), he does not state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere conclusions, *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976); *Fisher v. Flynn*, 598 F.2d 663, 665 (1st Cir. 1979). A complaint must contain sufficient allegations to put defendants fairly on notice of the claims against them. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a). *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although

in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

### B.     Legal Claims

Plaintiff alleges that on April 18, 2019, he was "assaulted" by Defendants Taylor, Harris, Rice, and Rhodes.  Dkt. 1 at 3.  Plaintiff does not elaborate on the details of the alleged assault.  *See id.*  Plaintiff also claims that he was "given a fabricated 'bogus' [Rules Violation Report ("RVR")] #6835346 for Battery on a Peace Officer[,] [and] a 'falsified' RVR # 6836214 for Possession of a Deadly Weapon." *Id.*  Plaintiff claims this is a "'blatant' abuse of power—arbitrary deliberate cover-up by staff/officers in 'collusion' with the 'code of silence' here at PBSP." *Id.*  Plaintiff claims that "in further abuse of deliberate due process violations, on May 13, 2019 and May 28, 2019, Defendant Frisk "found [Plaintiff] guilty" of RVR # 6835346 (Battery) and RVR # 6836214 for (Possession of a Deadly Weapon), respectively.  *Id.*  Plaintiff claims that allowing Defendant Frisk "to hear/review [and] make decisions/judgment on both RVRs is a 'true' conflict of interest because [Defendant] Frisk cannot be a[n] impartial decision decisions maker – as evident [by] [Defendant] Frisk plac[ing] [Plaintiff] in [Administrative Segregation] on 10-16-2019 for another 'bogus' and 'fabricated' falsified incident RVR # 6916575 Sexually Disorderly Conduct to where [he] was found 'not guilty' on 4-08-2019." *Id.* (brackets added).

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted).  The core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  *Whitley*, 475 U.S. at 320-21.  Furthermore, in order to

3

state an excessive force claim against correctional officer-bystanders, a plaintiff must allege circumstances demonstrating that these officers had an opportunity to intervene and prevent or curtail the violation (e.g., enough time to observe what was happening and intervene to stop it), but failed to do so. *See Robins*, 60 F.3d at 1442 (prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability).

Plaintiff's allegations will be dismissed with leave to amend to set forth specific facts showing how each named defendant used excessive force against Plaintiff and/or failed to intervene to prevent the use of excessive force against Plaintiff. Plaintiff must link each named defendant with his allegations of wrongdoing so as to show how each defendant actually and proximately caused the deprivation of his federal rights of which he complains. *See Leer*, 844 F.2d at 634. Plaintiff must keep in mind that there is no respondeat superior liability under section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. *See Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (recognizing that a supervisor may be liable under section 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation).

Moreover, Plaintiff attaches copies of his administrative grievance forms and his disciplinary hearing results to his complaint form, but this is not sufficient. *See* Dkt. 1. Plaintiff may not simply attach documents and rely upon the court to parse through them to discover sufficient allegations to support his claims for relief. Rather, it is Plaintiff who must pull from his supporting documentation the allegations necessary to state a cognizable claim for relief under Section 1983, and he must include those allegations in his complaint. Plaintiff will be given leave to do so in an amended complaint.

Meanwhile, Plaintiff's allegation that "in further abuse of deliberate due process violations [Defendant] Frisk found [him] guilty" of both RVRs mentioned above may be an attempt to state a violation of his procedural due process rights under *Wolff v. McDonnell*, 418 U.S. 539 (1974). The procedural protections required in a prison disciplinary proceeding, i.e. an RVR hearing, are written notice, time to prepare for the hearing, a written statement of decision, allowance of

4

witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *See Wolff*, 418 U.S. at 564-67. There also must be some evidence to support the decision, *see Superintendent v. Hill*, 472 U.S. 445, 454 (1985), and the information that forms the basis for prison disciplinary actions must have some indicia of reliability, *see Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987). The Due Process Clause only requires that prisoners be afforded those procedures mandated by *Wolff* and its progeny; it does not require that a prison comply with its own, more generous procedures. *See Walker v. Sumner*, 14 F.3d 1415, 1419–20 (9th Cir. 1994), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). Allegations by a prisoner that he was denied due process in conjunction with a disciplinary proceeding do not present a constitutionally cognizable claim unless the deprivation suffered is one of "real substance" as defined in *Sandin*. *See* 515 U.S. at 484. "Real substance" will generally be limited to freedom from (1) restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id.* at 487. Here, Plaintiff claims that the guilty findings were "a 'true' conflict of interest because [Defendant] Frisk cannot be a[n] impartial decision[] maker," but Plaintiff makes no allegation that any punishment that resulted from the guilty findings amounted to a deprivation of "real substance" under *Sandin*. Dkt. 1 at 4. Plaintiff shall be afforded an opportunity to amend this claim if he can allege sufficient facts to state a cognizable due process claim. Again, Plaintiff must set forth specific facts showing how Defendant Frisk actually and proximately caused the deprivation of his federal rights of which he complains. *See Leer*, 844 F.2d at 634. Plaintiff is again cautioned that there is no respondeat superior liability under section 1983. *See Henry A.*, 678 F.3d at 1003-04.

In his amended complaint, Plaintiff needs to write out a *complete* statement of his claim. As mentioned, Plaintiff attached his grievance and disciplinary hearing results to his complaint, apparently as a way to explain his problem, but the Court will not read through exhibits to piece together a claim for a plaintiff who has not pled one. It is Plaintiff's obligation to write out a complete statement of his claim in his amended complaint.

### C.     Request to Amend Complaint with New Claims

To the extent that Plaintiff wishes to amend his complaint to add any new claims of "retallitory [sic] and deliber[e]nce" stemming from filing the instant complaint or from a March 2019 trial in a criminal matter for which he was acquitted, *see* dkt. 9 at 2, the Court GRANTS IN PART Plaintiff's request to amend his complaint, but only if these new claims comply with Federal Rule of Civil Procedure 20(a), as explained below.  Plaintiff's must also abide by the following instructions, which are in line with the previous instructions it has already outlined above.

Plaintiff mentioned that he intends to add new claims of "retallitory [sic] and deliberate indiffer[e]nce" that seem to have occurred after the April 18, 2019 excessive force incident alleged in his complaint, and thus these new claims may not comply with Federal Rule of Civil Procedure 20(a).  Rule 20(a)(2) provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against different defendants belong in different suits."  *Id.*  Plaintiff's allegations relating to his claims of "retallitory [sic] and deliberate indiffer[e]nce" seem to arise out of a different series of transactions than his allegations regarding the April 18, 2019 excessive force incident.  Plaintiff is cautioned that in his amended complaint, Plaintiff may ***only*** allege claims (including any new claims) that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, ***and*** (b) present questions of law or fact common to all defendants named therein.  Plaintiff needs to choose the claims he wants to pursue that also meet the joinder requirements.  If he is unable to meet the joinder requirements, he may bring any other new claims, which may include his "retaliation and deliberated indifference" claims, in a separate lawsuit.

However, if Plaintiff wishes to add new claims that comply with the joinder requirements

of Federal Rule of Civil Procedure 20(a), then the Court will allow him leave to prepare a proper Amended Complaint with these new claims that is consistent with federal pleading standards. Plaintiff is advised that for each new claim, he must, to the best of his ability, specifically identify each Defendant, and specify what constitutional right he believes each Defendant has violated. Importantly, Plaintiff must allege facts regarding the conduct of each Defendant that he asserts gives rise to that Defendant's liability. As mentioned above, a person deprives another of a constitutional right within the meaning of 42 U.S.C. §1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *See id* at 634.

Finally, Plaintiff is reminded that his claims must be set forth in short and plain terms, simply, concisely and directly pursuant to Federal Rule of Civil Procedure 8 or risk dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming Rule 8 dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). To facilitate this, the Court directs Plaintiff to limit his Amended Complaint to at most forty (40) pages or less. If Plaintiff fails to comply with these straightforward pleading requirements, the Court will dismiss Plaintiff's proposed Amended Complaint. *Id*.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED WITH LEAVE TO AMEND. Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file an Amended Complaint correcting the aforementioned deficiencies of his claims against Defendants, as indicated above. In his Amended Complaint, Plaintiff needs to link each defendant to his claim by alleging facts showing the basis for liability for each individual defendant. Plaintiff should identify each involved person by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer*, 844 F.2d at 634.

2. Plaintiff must use the attached civil rights form, write the case number for this

1  action—Case No. C 20-0305 YGR (PR)—on the form, clearly label it "Amended Complaint," and
2  complete all sections of the form.  Because this Amended Complaint completely replaces the
3  original complaint, he must include in it all claims he wishes to present.  *See Ferdik v. Bonzelet*,
4  963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992); *King v. Atiyeh*, 814 F.2d 565,
5  567 (9th Cir. 1987); *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).  He may
6  not incorporate material from the original complaint by reference.  He must also specify whether
7  he exhausted or was prevented from exhausting his administrative remedies with respect to any or
8  all of those claims before filing this action.  **Plaintiff's failure to file an Amended Complaint by**
9  **the twenty-eight day deadline will result in the dismissal of this action without prejudice.**

10    3.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
11  informed of any change of address and must comply with the court's orders in a timely fashion.
12  Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes
13  while an action is pending must promptly file a notice of change of address specifying the new
14  address.  *See* L.R. 3-11(a).  The court may dismiss without prejudice a complaint when: (1) mail
15  directed to the *pro se* party by the court has been returned to the court as not deliverable, and
16  (2) the court fails to receive within sixty days of this return a written communication from the *pro*
17  *se* party indicating a current address.  *See* L.R. 3-11(b).

18    4.    The Court GRANTS IN PART Plaintiff's request to amend his complaint with new
19  claims, but only if he adds new claims that comply with Federal Rule of Civil Procedure 20(a) and
20  abides by the aforementioned instructions relating to federal pleading requirements.  Dkt. 9 at 2.
21  Plaintiff needs to choose the claims he wants to pursue that meets the joinder requirements.  If he
22  is unable to meet the joinder requirements, he may bring any new claims, which may include his
23  "retaliation and deliberated indifference" claims, *see id.*, in a separate lawsuit.

24    5.    The Clerk of the Court shall send Plaintiff a blank civil rights form along with a
25  copy of this Order.

26    IT IS SO ORDERED.

27  Dated: July 24, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge

8

cc: Blank Civil Rights form sent to plaintiff