QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Jonathan Tse (Bar. No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Deepa Acharya (Bar No. 267654)
deepaacharya@quinnemanuel.com
1300 I Street, NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Attorneys for Defendant

*(ADDITIONAL COUNSEL IN
SIGNATURE BLOCKS)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNILOC 2017 LLC, | Case Nos.: 4:20-cv-04355-YGR; 4:20-cv-05330-YGR; 4:20-cv-05333-YGR; 4:20-cv-05334-YGR; 4:20-cv-05339-YGR; 4:20-cv-05340-YGR; 4:20-cv-05341-YGR; 4:20-cv-05342-YGR; 4:20-cv-05343-YGR; 4:20-cv-05344-YGR; 4:20-cv-05345-YGR; 4:20-cv-05346-YGR |
|---|---|
| Plaintiff, | |
| v. | |
| GOOGLE LLC, | |
| Defendant. | **DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO DISMISS FOR LACK OF STANDING** |

# TABLE OF CONTENTS

Page

I. UNILOC LACKS STANDING TO SUE. ...............................................................................1

    A.    The Burden to Prove Standing Rests Squarely on Uniloc 2017. ..............................1

    B.    Fortress's Irrevocable License Deprives Uniloc 2017 of Article III Standing..........................................................................................................................1

        1.    Fortress's "Irrevocable" License Survived the PLA's Termination. .............1

        2.    Multiple Defaults Occurred Under the RSA. ..................................................3

        3.    The Defaults Were Never Waived or Cured. ..................................................3

        4.    Fortress's Sublicensing Right Negates Article III Standing. .........................4

    C.    Uniloc 2017 Lacks Statutory Standing Because It Granted Substantial Rights in the Patents-In-Suit to CF Uniloc and Uniloc Licensing. ...........................4

# **<u>TABLE OF AUTHORITIES</u>**

<u>Page(s)</u>

## **Cases**

*Alfred E. Mann Found. v. Cochlear Corp.*,
604 F.3d 1354 (Fed. Cir. 2010) ............................................................................ 4

*Aspex Eyewear v. Miracle Optics*,
434 F.3d 1336 (Fed. Cir. 2006) ............................................................................ 4

*Brooke Group Ltd. v. JCH Syndicate*,
488, 87 N.Y.2d 530, 640 N.Y.S.2d 479, 663 N.E.2d 635 (N.Y. 1996) .................... 2

*DCV Holdings v. ConAgra, Inc.*,
889 A.2d 954 (Del. 2005) ...................................................................................... 5

*Intel v. Negotiated Data Solutions*,
699 F. Supp. 2d 871 (E.D. Tex. 2010) .................................................................. 1

*Lawyers' Fund v. Bank Leumi Trust*,
94 N.Y.2d 398 (2000) ........................................................................................... 3

*Lean Solutions Inst. v. Fed. Reserve Bank of Atlanta*,
No. 1:12-CV-775-SCJ, 2012 WL 13014637 (N.D. Ga. Mar. 19, 2012) ................... 1

*Lowe v. Eltan, B.V.*,
No. 9:05-CV-38, 2018 WL 7822940 (E.D. Tex. Dec. 12, 2018) ............................. 3

*Luminara Worldwide v. Liown Elecs.*,
814 F.3d 1343 (Fed. Cir. 2016) ............................................................................ 4

*Morrow v. Microsoft*,
499 F.3d 1332 (Fed. Cir. 2007) ............................................................................ 4

*Nano-Proprietary v. Canon, Inc.*,
537 F.3d 394 (5th Cir. 2008) ................................................................................ 2

*Prima Tek II v. A-Roo*,
222 F.3d 1372 (Fed. Cir. 2000) ............................................................................ 1

*Sicom Sys. v. Agilent Techs.*,
427 F.3d 971 (Fed. Cir. 2005) .............................................................................. 1

*Timkey v. City of Lockport*,
90 N.Y.S.3d 757 (N.Y. App. Div. 2018) ................................................................ 1

## **Additional Authorities**

Black's Law Dictionary 848 (8th ed. 2004) .................................................................. 2

*The American Heritage College Dictionary* (3d ed. 1993) ............................................ 2

# I.    UNILOC LACKS STANDING TO SUE.

## A.    The Burden to Prove Standing Rests Squarely on Uniloc 2017.

Uniloc 2017's suggestion that Google bears a burden of proof on the issue of standing is contrary to blackletter law: "The party bringing the action bears the burden of establishing that it has standing." *Sicom Sys. v. Agilent Techs.*, 427 F.3d 971, 976 (Fed. Cir. 2005). Uniloc 2017's argument that patent assignments enjoy a "presumption of validity" (Opp. at 3) is a red herring because Google's Motion does not challenge the validity of any assignment. Instead, Google's Motion invokes the principle that "an owner or licensee of a patent cannot convey that which it does not possess." *Prima Tek II v. A-Roo*, 222 F.3d 1372, 1382 (Fed. Cir. 2000). Because Fortress held an irrevocable license when Uniloc Lux assigned its patents to Uniloc 2017, Uniloc Lux lacked any exclusionary right to assign. The "validity" of the assignment itself is irrelevant.

## B.    Fortress's Irrevocable License Deprives Uniloc 2017 of Article III Standing.

### 1.    Fortress's "Irrevocable" License Survived the PLA's Termination.

The Payoff and Termination Agreement ("Termination Agreement"), which terminated the Patent License Agreement ("PLA"), did *not*, as Uniloc 2017 erroneously contends, terminate Fortress's "irrevocable" license. Courts recognize that licenses, like other contractual rights, routinely survive the agreements that create them. *Intel v. Negotiated Data Solutions*, 699 F. Supp. 2d 871, 873–74 (E.D. Tex. 2010) (concluding that Intel's "permanent license" "survived the termination of the License Agreement"); *Timkey v. City of Lockport*, 90 N.Y.S.3d 757, 758–59 (N.Y. App. Div. 2018) (observing that "[r]ights which accrued or vested under the agreement will, as a general rule, survive termination of the agreement"); *Lean Solutions Inst. v. Fed. Reserve Bank of Atlanta*, No. 1:12-CV-775-SCJ, 2012 WL 13014637, at *2 (N.D. Ga. Mar. 19, 2012) ("[T]he Court concludes that FRBA has a valid argument that the Agreement provides FRBA with a license to use LSI's Work Products which survives the termination of the Agreement.").

Further, the PLA defines the agreement as a whole as the "Agreement," and it defines the license *separately* as the "Patent License." (Dkt. 78-7[1] at 1–2.) The parties chose to make the "Agreement" terminable in Section 5 of the PLA. But they chose to make the "Patent License" "irrevocable" in Section 2.1 thereof. If the parties had intended for a termination of the "Agreement" to also terminate the "Patent License," they would have had no reason to make the license "irrevocable." Further, the "Survival" language in Section 6 specifically recites that "[a]ny rights ... which by their nature survive and continue after any expiration or termination of this Agreement will survive and continue and will bind the Parties and their successors and assigns." (*Id.* at 3.) Irrevocable licenses are such rights under the governing law:

> Under New York law, "words and phrases used by the parties must . . . be given their plain meaning." *Brooke Group Ltd. v. JCH Syndicate 488,* 87 N.Y.2d 530, 534, 640 N.Y.S.2d 479, 663 N.E.2d 635 (N.Y. 1996). ***The term "irrevocable" is defined as "[u]nalterable; committed beyond recall***," *Black's Law Dictionary* 848 (8th ed. 2004), or ***"[i]mpossible to retract or revoke,"*** *The American Heritage College Dictionary* 719 (3d ed. 1993).

*Nano-Proprietary v. Canon, Inc.*, 537 F.3d 394, 400 (5th Cir. 2008) (emph. added). Confronted with an issue similar to that here, the court in *Nano* held that, "[b]ased upon the unambiguous meaning of 'irrevocable,' ... the PLA could not be terminated." *Id.* Any other construction, the court said, would have rendered "the term[] 'irrevocable' ... superfluous, in contravention of established rules of contract interpretation." *Id.*

Uniloc 2017's contention (Opp. at 4–5) that "irrevocable" was intended only to prevent a party from terminating the agreement unilaterally—such as upon a breach by the other party—is baseless. Section 5.2 already accomplishes that purpose: "Breach(es) ... of this Agreement by either Party ... will not constitute grounds by which this Agreement may be terminated." (Dkt. 78-7 at 3.)

---

[1] In its Opposition to Google's Motion to Dismiss for Lack of Standing, Uniloc 2017 filed exhibits only in Case No. 2:18-cv-548. Google's record citations in this brief are therefore to the docket numbers in the -548 case unless otherwise specified.

Because Uniloc 2017's proposed construction would render this provision superfluous, it is untenable. *Lawyers' Fund v. Bank Leumi Trust*, 94 N.Y.2d 398, 404 (2000).

### 2. Multiple Defaults Occurred Under the RSA.

Uniloc 2017 fails to address Google's evidence of three Events of Default. Citing declarations by Fortress employee James Palmer, Uniloc 2017 concludes that "there was never an Event of Default." (Opp. at 7.) The declarations cite no evidence, however, and they are contradicted by documentary evidence and deposition testimony. (Dkt. 78 at 6–7.) Self-serving declarations—serially produced to patch holes as they appear—cannot change the documented facts. *Lowe v. Eltan, B.V.*, No. 9:05-CV-38, 2018 WL 7822940, at *7 (E.D. Tex. Dec. 12, 2018) (finding that a party's "affidavit carries little weight because not only is it self-serving, but it also contradicts and is unsupported by the other record evidence").[2]

### 3. The Defaults Were Never Waived or Cured.

Uniloc 2017 next contends that the waiver of "Claims" in the Termination Agreement constitutes a written waiver of any Events of Default under Section 7.3(x) of the Revenue Sharing and Note and Warrant Purchase Agreement ("RSA"). However, Uniloc 2017's corporate representative, Mr. Etchegoyen, testified that he is unaware of any written waiver. (-553 case, Dkt. 75-3 at 142:6–143:10.) Moreover, the Termination Agreement defines "Claims" as a laundry list of roughly 30 specific things to be waived, but none of them are "Events of Default," "defaults," or any equivalent thing. (Dkt. 93-8 at 3.) So the waiver of "Claims" in the Termination Agreement is not a waiver of defaults.

Uniloc 2017 also presents no evidence that the defaults were cured. Rather, it argues that the Termination Agreement effected a cure by stating that, "[f]ollowing the termination" of the RSA, various debts to Fortress "shall be deemed to have been repaid in full." (Opp. at 8 n.14.) But the Termination Agreement makes no mention of any action taken *by Uniloc Lux or Uniloc USA* to

---

[2]  Google asked Uniloc 2017 to produce all evidence that Mr. Palmer relied on for his declarations. Uniloc 2017's counsel said that Mr. Palmer relied on *only* the documents already produced in these cases, aside from privileged communications with counsel. But as detailed in Google's Motion, the produced agreements plainly *contradict* Mr. Palmer's declarations.

effect a cure, whether to Fortress's "reasonable satisfaction" or not. It does not even use the word "cure." Uniloc 2017's predecessors were in default for the *whole duration* of the RSA. During that time, Fortress's right to sublicense arose, and the RSA provided no mechanism to rescind it during the RSA's lifetime, much less "[f]ollowing [its] termination."

Further, even if the Termination Agreement cured the two defaults arising from Uniloc 2017's failure to meet revenue milestones, a third Event of Default occurred when Uniloc Lux and Uniloc USA breached a covenant requiring certain representations to be true. (Dkt. 78 at 7.) No amount "deemed to have been repaid" could have cured this default, which was not pecuniary.

### 4. Fortress's Sublicensing Right Negates Article III Standing.

Uniloc 2017 attempts to escape fundamental principles of standing by misreading two Federal Circuit cases. The first case, *Mann*, does not suggest, as Uniloc 2017 contends, that standing must exist for at least one party. *Alfred E. Mann Found. v. Cochlear Corp.*, 604 F.3d 1354, 1358–60 (Fed. Cir. 2010). As the Federal Circuit has explained, parties are free to split up patent rights as they wish, but their division of rights may deprive *all* parties of standing. *Morrow v. Microsoft*, 499 F.3d 1332, 1339–41, n.8 (Fed. Cir. 2007). Nothing in *Mann* changes the bedrock requirement that a patent plaintiff hold exclusionary rights. *Luminara Worldwide v. Liown Elecs.*, 814 F.3d 1343, 1348 (Fed. Cir. 2016). Nor does Uniloc 2017's second case, *Aspex*, alter the principle that a licensor lacks standing if a licensee has a "virtually unfettered" right to sublicense. *Aspex Eyewear v. Miracle Optics*, 434 F.3d 1336, 1341 (Fed. Cir. 2006). To the contrary, *Aspex* recognizes that such a right, by itself, would "strongly" show that the licensor gave up its exclusionary rights. *Id.* at 1342. The licensor in *Aspex* possessed standing, despite having granted a sublicensing right, only because it retained a "reversionary interest." *Id.* at 1342–44. No reversionary interest exists here.

### C. Uniloc 2017 Lacks Statutory Standing Because It Granted Substantial Rights in the Patents-In-Suit to CF Uniloc and Uniloc Licensing.

Uniloc 2017 and CF Uniloc Holdings LLC ("CF Uniloc") entered the Amended and Restated Note Purchase and Security Agreement ("Amended Security Agreement") for the sole purpose of strengthening Uniloc 2017's claim to standing. But they failed to accomplish this purpose. The Amended Security Agreement *still* requires Uniloc 2017 to obtain "prior written consent" of CF

Uniloc before Uniloc 2017 can "sell, lease, transfer or otherwise dispose of ... any" of its patents. (Dkt. 78-23 at § 7.1(d).) And it *still* requires Uniloc 2017 to pay the maintenance fees for its patents, enabling CF Uniloc to prevent their lapse. (*Id.* at § 4.9(a); Dkt. 78 at 14.) CF Uniloc and Uniloc 2017 deliberately left these specific provisions intact, even while removing others that they evidently viewed as even more problematic for Uniloc 2017's standing.

Rather than omit these provisions, the Amended Security Agreement unsuccessfully attempts to neutralize their effect on Uniloc 2017's standing with a catch-all provision:

> notwithstanding anything else to the contrary herein, [Uniloc 2017] has and retains
> all rights in all Patents ... and has sole authority and discretion regarding the
> exercise of all rights under such Patents ..., and nothing in this Agreement is
> intended ... to or shall be construed as limiting or providing [CF Uniloc] or any
> other Person with the right to control or limit [Uniloc 2017's] exercise of its rights
> under such patents.

(Dkt. 78-23 at § 4.9(e)) But a catch-all provision that conflicts with more narrowly drawn provisions (here, Sections 7.1(d) and 4.9(a)) cannot extend rights that they have deliberately and specifically withheld. Under Delaware law, which governs the Amended Security Agreement, "[s]pecific language in a contract controls over general language, and where specific and general provisions conflict, the specific provision ordinarily qualifies the meaning of the general one." *DCV Holdings v. ConAgra, Inc.*, 889 A.2d 954, 961 (Del. 2005). Because Sections 7.1(d) and 4.9(a) exhibit greater specificity, they control and trump the catch-all language in Section 4.9(e).

Finally, as to the alleged termination of Uniloc 2017's agreement with Uniloc Licensing USA LLC ("Licensing"), Mr. Etchegoyen's deposition testimony suggests that the relationship between these entities remains intact. Mr. Etchegoyen testified that "[Licensing] manages ultimately the intellectual property and patents, the litigation" and that "litigation responsibilities would be one of those ... services that are related to that." (-553 case, Dkt. 75-3 at 48:1–5.) Google has repeatedly asked Uniloc 2017 for all agreements among the Uniloc and Fortress entities, but the only agreement that Google has seen between Uniloc 2017 and Licensing is the one that Uniloc

2017 now claims was terminated by a document that predates Mr. Etchegoyen's testimony suggesting that the Uniloc 2017–Licensing relationship remains intact.[3]

[The sections addressing Google's motion to dismiss as to venue grounds are omitted]

Dated: November 20, 2019          Respectfully submitted by:

/s/ Michael C. Hendershot, with permission by
Michael E. Jones
Michael C. Hendershot
Tharan G. Lanier
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3940
Fax: (650) 739-3900
mhendershot@jonesday.com
tglanier@jonesday.com

Tracy A. Stitt
tastitt@jonesday.com
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Telephone: (202) 879-3641

Sanjiv P. Laud
JONES DAY
90 South Seventh Street
Suite 4950
Minneapolis, MN 55402
Telephone: (612) 217-8879
slaud@jonesday.com

John D. Kinton (Calif. State Bar No. 203250)
JONES DAY
4655 Executive Drive

---

[3] Google did not "ignore[] the fact that the [Licensing] agreement was terminated" before these suits were filed. (Opp. at 11–12.) As noted above, Mr. Etchegoyen's testimony that Uniloc Licensing "manages ... the litigation" related to Uniloc 2017's patents (-553 case, Dkt. 75-3 at 48:1–5) is inconsistent with any termination. Mr. Etchegoyen testified vaguely that unspecified termination documents existed. But upon subsequent questioning, he made clear that he did not know the names of those documents, how many existed, which license agreements they pertained to, which provisions of those agreements they terminated, or when they were executed. (*Id.* 180:20–184:3.) Uniloc 2017's failure to present a knowledgeable 30(b)(6) witness left Google on its own in attempting to navigate—in Mr. Etchegoyen's words—"a multitude of documents" that "all look the same." (*Id.* 183:13–14.)

Suite 1500
San Diego, CA 92121
Telephone: 858.314.1190
Facsimile: 844.345.3178
Email: jkinton@jonesday.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendants Google LLC**
**2:18-cv-499; 2:18-cv-552**


*/s/ Robert Unikel, with permission*
*by Michael E. Jones*
Robert Unikel
robertunikel@paulhastings.com
Michelle Marek Figueiredo (IL Bar #6297112)
michellemarek@paulhastings.com
Matthew Richard Lind (IL Bar #6327241)
mattlind@paulhastings.com
John A. Cotiguala (IL Bar #6311056)
johncotiguala@paulhastings.com
PAUL HASTINGS LLP
71 South Wacker Dr., 45th Floor
Chicago, IL 60606
Main: 312-499-6000
Facsimile: (312) 499-6100

Elizabeth Louise Brann (CA Bar #222873)
elizabethbrann@paulhastings.com
Ariell Nicole Bratton (CA Bar #317587)
ariellbratton@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi (NY Bar #3024676)
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue, 26th Floor

New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 318-6100

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendants Google LLC
2:18-cv-491; 2:18-cv-492; 2:18-cv-497; 2:18-cv-
500; 2:18-cv-501; 2:18-cv-550; 2:18-cv-551**


*/s/ Michael C. Hendershot, with permission
by Michael E. Jones*
Michael C. Hendershot
Tharan G. Lanier
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3940
Fax: (650) 739-3900
mhendershot@jonesday.com
tglanier@jonesday.com

Sasha Mayergoyz
smayergoyz@jonesday.com
JONES DAY
77 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 782-3939

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702

Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendants Google LLC**
**2:18-cv-493**

*/s/ Michael A. Berta, with permission by*
*Michael E. Jones*
Michael A. Berta
(California Bar No. 194650)
Michael.berta@arnoldporter.com
Arnold & Porter, 10th Floor
Three Embarcadero Center
San Francisco, CA 94111-4024
Tel: 415-471-3100
Fax: 415-471-3400

David Caine (California Bar No. 218074)
David.Caine@arnoldporter.com
Telephone: (650) 319-4710
Bonnie Phan (California Bar No. 305574)
Bonnie.Phan@arnoldporter.com
Telephone: (650) 319-4543
Michael Nguyen
michael.nguyen@arnoldporter.com
Telephone: (650) 319-4718
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807

Nicholas Lee (California Bar No. 259588)
Nicholas.Lee@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4156

Nicholas Nyemah (DC Bar No. 1005926)
Nicholas.Nyemah@arnoldporter.com
Telephone: (202) 942-6681
Paul Margulies (DC Bar No. 1000297)
Paul.Margulies@arnoldporter.com
Telephone: (202) 942-6990
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743

Mark Samartino (Illinois No. 6313889)
Mark.Samartino@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street
Suite 4200
Chicago, IL 60602-4321

-9-

Telephone: (312) 583-2437

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendant Google LLC**
**2:18-cv-496; 2:18-cv-503; 2:18-cv-504; 2:18-cv-548**

*/s/ Joseph Drayton, with permission*
*by Michael E. Jones*
Joseph Drayton
NY Bar No. 2875318
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Tel: 212-479-6275
Fax: 212-479-6275
Email: jdrayton@cooley.com

Priya B. Viswanath
CA Bar No. 238089
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Tel: 650-843-5000
Fax: 650-849-7400
Email: pviswanath@cooley.com

Rose S. Whelan
DC Bar No. 999367
Elizabeth Cannon Shrieves
VA Bar No. 93768
COOLEY LLP
1299 Pennsylvania Avenue NW
Suite 700
Washington DC 20004-2400
Tel: 202-842-7800
Fax: 202-842-7899
Email: rwhelan@cooley.com
Email: eshrieves@cooley.com

Michael E. Jones
State Bar No. 10929400

-10-

mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

David Perlson
davidperlson@quinnemanuel.com
Jonathan Tse
jonathantse@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California St., 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6344
Fax: 415-875-6700

Deepa Acharya
deepaacharya@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900 20005
Washington, D.C. 20005-4107
Tel: 202-538-8107
Fax: 202-538-8100

Tracy A. Stitt
tastitt@jonesday.com
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Telephone: (202) 879-3641

**Attorneys for Defendants Google LLC
2:18-cv-495**

/s/ *Joseph Drayton, with permission
by Michael E. Jones*
Joseph Drayton
NY Bar No. 2875318
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Tel: 212-479-6275
Fax: 212-479-6275
Email: jdrayton@cooley.com

Priya B. Viswanath
CA Bar No. 238089
COOLEY LLP

3175 Hanover Street
Palo Alto, CA 94304-1130
Tel: 650-843-5000
Fax: 650-849-7400
Email: pviswanath@cooley.com

Rose S. Whelan
DC Bar No. 999367
Elizabeth Cannon Shrieves
VA Bar No. 93768
COOLEY LLP
1299 Pennsylvania Avenue NW
Suite 700
Washington DC 20004-2400
Tel: 202-842-7800
Fax: 202-842-7899
Email: rwhelan@cooley.com
Email: eshrieves@cooley.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendants Google LLC**
**2:18-cv-502**

*/s/ David Perlson, with permission*
*by Michael E. Jones*
David Perlson
davidperlson@quinnemanuel.com
Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
Jonathan Tse
jonathantse@quinnemanuel.com
David Doak
daviddoak@quinnemanuel.com
Antonio Sistos
antoniosistos@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California St., 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6344
Fax: 415-875-6700

DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF ITS RENEWED
MOTION TO DISMISS FOR LACK OF STANDING

Deepa Acharya
deepaacharya@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900 20005
Washington, D.C. 20005-4107
Tel: 202-538-8107
Fax: 202-538-8100

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Earl Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Joseph Drayton
NY Bar No. 2875318
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Tel: 212-479-6275
Fax: 212-479-6275
Email: jdrayton@cooley.com

**Attorneys for Defendants Google LLC
2:18-cv-553**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on November 20, 2019.

*/s/ Michael E. Jones*

## <u>CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL</u>

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Michael E. Jones*

DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF ITS RENEWED
MOTION TO DISMISS FOR LACK OF STANDING