**FILED UNDER SEAL – CONTAIN HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY MATERIAL**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
David Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Jonathan Tse (Bar. No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Deepa Acharya (Bar No. 267654)
deepaacharya@quinnemanuel.com
1300 I Street, NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Attorneys for Defendant

*(ADDITIONAL COUNSEL IN SIGNATURE BLOCKS)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>GOOGLE LLC,<br><br>  Defendant. | Case Nos.: 4:20-cv-04355-YGR;<br>4:20-cv-05330-YGR; 4:20-cv-05333-YGR;<br>4:20-cv-05334-YGR; 4:20-cv-05339-YGR;<br>4:20-cv-05340-YGR; 4:20-cv-05341-YGR;<br>4:20-cv-05342-YGR; 4:20-cv-05343-YGR;<br>4:20-cv-05344-YGR; 4:20-cv-05345-YGR;<br>4:20-cv-05346-YGR<br><br>**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS RENEWED MOTION TO DISMISS FOR LACK OF STANDING** |

**FILED UNDER SEAL – CONTAIN HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY MATERIAL**

Pursuant to the Court's September 24, 2020 Orders (*see, e.g.*, No. 4:20-cv-05346-YGR, Dkt. 203), Defendant Google LLC ("Google"), respectfully submits this Supplemental Brief in Support of Its Motion to Dismiss (Dkt. 205) the Complaints filed by Plaintiff Uniloc 2017 LLC ("Uniloc 2017").[1] This Supplemental Brief is based on newly produced documents and deposition transcripts that Uniloc USA, Inc. ("Uniloc USA") produced to Apple in a group of cases currently pending in this District before Judge Alsup and Magistrate Judge Ryu, in which Apple has challenged Uniloc USA's standing on grounds similar to those here. *See Uniloc USA, Inc. v. Apple, Inc.*, No. 5:18-cv-00538-WHA (N.D. Cal.).[2]

## I. INTRODUCTION

As detailed in Google's Renewed Motion to Dismiss For Lack of Standing, Uniloc 2017 lacks standing to bring this litigation. (Dkt. 205-1.) First, Uniloc 2017 lacks standing because its predecessor-in-interest, Uniloc Luxembourg, S.A. ("Uniloc Lux"), granted a third party, Fortress Credit Co LLC ("Fortress"), an "irrevocable" license that is "transferrable" and "sub-licensable"

---

[1] For consistency, all docket citations in this brief will be to Case No. 4:20-cv-05346-YGR unless otherwise specified. On October 2, 2020, pursuant to the Court's September 24, 2020 Orders (Dkt. 204) in the above-captioned cases, Uniloc 2017 and Google jointly refiled Google's Motion to Dismiss and all related and supporting papers that were pending when these cases were transferred to this District. The refiled papers include Google's Motion to Dismiss, Uniloc 2017's Response, Google's Reply, Uniloc 2017's Sur-Reply, and all attachments thereto that relate to Uniloc 2017's standing, which is the sole remaining issue for decision on Google's Motion. (Dkt. 205.)

[2] A contextual point bears mention as well: many of the same standing issues raised by Google in this litigation have also been raised by Apple Inc. and Motorola Mobility, LLC in their respective litigations against Uniloc entities now pending in the Northern District of California and the District of Delaware, respectively. *See, e.g.*, *Uniloc USA, Inc. v. Apple, Inc.*, No. C 18-00360 WHA (N.D. Cal.) (Alsup, J.); *Uniloc USA, Inc. v. Motorola Mobility, LLC*, No. 17-1658 (CFC) (D. Del.) (Connolly, J.). In the cases before Judge Alsup, standing-related discovery is still in progress following a Federal Circuit decision in which the panel expressed skepticism of the Uniloc entities' standing in light of "material suggesting multiple jurisdictional defects" and remanded "for the district court to supplement the record, determine whether Uniloc has standing in the first instance, and, if appropriate, cure any jurisdictional defects." *See Uniloc USA, Inc. v. Apple Inc.*, 784 F. App'x 763, 764 (Fed. Cir. 2019). In the cases before Judge Connolly, the court recently heard oral argument on Motorola's motion to dismiss for lack of standing. (*See* Acharya Decl. Ex. E [Tr. of Oct. 1, 2020 Hearing in *Uniloc USA, Inc. v. Motorola Mobility, LLC*, No. 17-1658 (CFC) (D. Del.) (Connolly, J.)].)

**FILED UNDER SEAL – CONTAIN HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY MATERIAL**

at Fortress's "sole and absolute discretion"—including to Google. *See Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1338 (Fed. Cir. 2007) (holding that a plaintiff asserting patent infringement lacks standing if it does not have the right to exclude the defendant from practicing the patents). Uniloc 2017 thus acquired the patents-in-suit subject to Fortress's irrevocable rights. (Dkt. 205-1 at 1, 3–5.) Second, Uniloc 2017 lacks standing because it does not hold all substantial rights to the patents-in-suit. (*Id.* at 9–11.) Shortly after acquiring the patents-in-suit, Uniloc 2017 granted Uniloc Licensing LLC ("Uniloc Licensing") an "exclusive" right to sue for infringement and ceded control over settlement and assignment decisions to a Fortress-controlled entity, CF Uniloc Holdings LLC ("CF Uniloc"). (*Id.*) The newly produced documents provide additional information regarding Uniloc 2017's lack of standing.

## II. NEWLY PRODUCED DOCUMENTS AND TRANSCRIPTS FURTHER CONFIRM THAT UNILOC 2017 LACKS STANDING

As detailed in Google's Motion to Dismiss (Dkt. 205-1) and Reply (Dkt. 205-3), in 2014, Fortress loaned money to Uniloc Lux and Uniloc USA. On December 30, 2014, Uniloc Lux, Uniloc USA, and Fortress entered into several agreements, including: (1) a Revenue Sharing and Note and Warrant Purchase Agreement ("RSA"); and (2) a Patent Licensing Agreement ("Fortress Licensing Agreement"). (Dkt. 205-1, at 3–4.) The Fortress Licensing Agreement granted Fortress extensive rights, including an "irrevocable" license, in all of Uniloc Lux's and Uniloc USA's intellectual property "following an Event of Default," as defined in the RSA. (*Id.* at 3.) According to these agreements, once an Event of Default occurred, Fortress could use its "irrevocable" license to grant sublicenses in its "sole and absolute discretion," "without restriction," and "without consent of [Uniloc Lux or Uniloc USA]." (*Id.* at 4.) By the time Uniloc 2017 acquired the patents-in-suit from Uniloc Lux, at least three Events of Default had already occurred, each itself sufficient to automatically trigger Fortress's "irrevocable" license. (*Id.*) Uniloc 2017 contends in its Response and Sur-Reply that no Events of Default occurred, and even if such Events of Default occurred, Fortress either waived those defaults or Uniloc Lux and Uniloc USA cured those defaults, and therefore, Uniloc Lux had all substantial rights in the patents-in-suit when it

**FILED UNDER SEAL – CONTAIN HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY MATERIAL**

transferred those patents to Uniloc 2017. (Dkt. 205-2, at 6–9; Dkt. 205-4, at 4–6.) But as explained in Google's Motion and Reply, and reconfirmed in the newly produced documents and deposition transcripts, Fortress never waived any rights under the RSA, and Uniloc Lux and Uniloc USA never cured any defaults.

During discovery in these cases as well as in the *Uniloc v. Apple* cases, none of Uniloc 2017's, CF Uniloc's, Uniloc USA's, or Uniloc Licensing's witnesses, including their Rule 30(b)(6) designees, could provide any testimony to establish that (a) the Events of Default did not actually occur, (b) that any Events of Default were properly cured, or (c) that Fortress formally waived any Events of Default. (Acharya Decl. Ex. A [James Palmer Tr.] 186:2–190:1, 188:25–190:1–19; Ex. B [Craig Etchegoyen Tr.] 142:6–143:6; Ex. C [Erez Levy Tr.] 89:16–19, 90:2–21.) ▮

Among the documents newly produced to Google is ▮



And as Judge Connolly found and counsel for Uniloc USA admitted in *Uniloc USA, Inc. v. Motorola Mobility*, once these events of default occurred, Fortress automatically received and "irrevocable" license. (*See* Acharya Decl. Ex. E [Tr. of Oct. 1, 2020 Hearing in *Uniloc USA, Inc. v. Motorola Mobility*] at 28:5-8 ("THE COURT: Okay. So that means once there's an event of default, they can use the license. Right? MR. FOSTER: Once there's an event of default,

---

3

1  they can use it.").)  Since these events of default resulted in Fortress obtaining an "irrevocable"
2  license, the question is whether Uniloc Lux and Uniloc USA did anything to cure this default or
3  whether Fortress waived the default, which they did not.

4  ███████████████████████████████████████████████████████████████████
5  ███████████████████████████████████████████████████████████████████
6  ███████████████████████████████████████████████████████████████████
7  ████████████
8  ████████████████████████████████████████████
9
10 ██████████
11 ███████████████████████████████████████████████████████████████████
12 ███████████████████████████████████████████████████████████████████
13 ███████████████████████████████████████████████████████████████████
14 ███████████████████████████████████████████████████████████████████
15 ███████████████████ *See, e.g.*, *Bank of New York Mellon Trust Co., Nat. Ass'n v.*
16 *Solstice ABS CBO II, Ltd.,* 910 F. Supp. 2d 629, 648-49 (S.D.N.Y. 2012) ("Curing a default
17 commonly means taking care of the triggering event and returning to pre-default conditions.");
18 Acharya Decl. Ex. E [Hearing Tr, *Uniloc USA, Inc. v. Motorola Mobility, LLC*.] 25:22–23 ("THE
19 COURT: How do you cure a default by not doing anything?"); ████████████████████
20 ████████████████████████████████████ (*Id.* at 28:10-18 ("MR. FOSTER:
21 Again, you've got a default doctrine. If the default is cured to Fortress' reasonable satisfaction . .

. it is the intent of the parties that they cannot sublicense. THE COURT: I don't know. I think, you know, you've got that unambiguous contract. I've got to give meaning to the word cure.").)



---

[4] To the extent Uniloc 2017 argues ███████████████████████████████████████████, it confuses cure with waiver. Cure requires *action* by the breaching party, while waiver does not require any action by the breaching party. ███████████████████████████████████████████.

[5] ███████████████████████████████████████████

**FILED UNDER SEAL – CONTAIN HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY MATERIAL**

[Lines 1-17 redacted]

### C. Uniloc 2017 Bears The Burden To Establish Standing

"The party bringing the action bears the burden of establishing that it has standing." *Sicom Sys. v. Agilent Techs.*, 427 F.3d 971, 976 (Fed. Cir. 2005). The Events of Default, and their automatic triggering of Fortress's irrevocable right to sublicense (without any effective cure or waiver), are not mere technicalities that Uniloc 2017 and Fortress can now simply shrug off. The burden of proving standing is assigned to plaintiffs precisely to ensure that a case proceeds only if all parties with relevant interests are joined. Uniloc 2017 already has caused years of wasteful litigation by proceeding without the proper parties involved, resulting at least in distorted and incomplete discovery and potentially incomplete rulings (due to Fortress's absence from the case).

**FILED UNDER SEAL – CONTAIN HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY MATERIAL**

| | |
|---|---|
| Dated: October 9, 2020 | Respectfully submitted by: |
| | */s/ David Perlson* |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | Charles K. Verhoeven (Bar No. 170151) |
| | charlesverhoeven@quinnemanuel.com |
| | David Perlson (Bar No. 209502) |
| | davidperlson@quinnemanuel.com |
| | Jonathan Tse (Bar. No. 305468) |
| | jonathantse@quinnemanuel.com |
| | 50 California Street, 22nd Floor |
| | San Francisco, CA 94111 |
| | Telephone: (415) 875-6600 |
| | Facsimile: (415) 875-6700 |
| | |
| | Deepa Acharya (Bar No. 267654) |
| | deepaacharya@quinnemanuel.com |
| | 1300 I Street, NW, Suite 900 |
| | Washington, DC 20005 |
| | Telephone: (202) 538-8000 |
| | Facsimile: (202) 538-8100 |
| | |
| | Andrew T. Dufresne (DC Bar # 1081409) (*pro hac vice*) |
| | ADufresne@perkinscoie.com |
| | PERKINS COIE LLP |
| | 33 East Main St., Ste. 201, |
| | Madison, WI 53703 |
| | Telephone: (608) 663-7492 |
| | Facsimile: (608) 663-7499 |
| | |
| | Dan L. Bagatell (CA Bar # 218879) (*pro hac vice*) |
| | DBagatell@perkinscoie.com |
| | PERKINS COIE LLP |
| | 3 Weatherby Road |
| | Hanover, NH 03755-1923 |
| | Telephone: 602.351.8250 |
| | Facsimile: 602.648.7150 |
| | |
| | *Attorneys for Defendant in case -5346* |
| | |
| | */s/ Michael A. Berta* |
| | Michael A. Berta |
| | Michael.berta@arnoldporter.com |
| | Marty Koresawa |
| | Marty.Koresawa@arnoldporter.com |
| | ARNOLD & PORTER KAYE SCHOLER LLP |
| | Three Embarcadero Center |
| | 10th Floor |
| | San Francisco, CA 94111-4024 |
| | Tel: 415-471-3100 |
| | Fax: 415-471-3400 |

Nicholas H. Lee
Nicholas.lee@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017-5844
Tel: 213-243-4000
Fax: 213-243-4199

David A. Caine
David.Caine@arnoldporter.com
Carson Anderson
Carson.Anderson@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real Five Palo Alto Square, Suite 500
Palo Alto, CA  94306-3807
Tel: 650-319-4500
Fax: 650-319-4700

Andrew T. Dufresne (DC Bar # 1081409) (*pro hac vice*)
ADufresne@perkinscoie.com
PERKINS COIE LLP
33 East Main St., Ste. 201,
Madison, WI 53703
Telephone: (608) 663-7492
Facsimile: (608) 663-7499

Dan L. Bagatell (CA Bar # 218879) (*pro hac vice*)
DBagatell@perkinscoie.com
PERKINS COIE LLP
3 Weatherby Road
Hanover, NH 03755-1923
Telephone: 602.351.8250
Facsimile: 602.648.7150

*Attorneys for Defendant in cases -4355, -5334, -5342*


<u>*/s/ Tharan Gregory Lanier*</u>
Tharan Gregory Lanier
tglanier@jonesday.com
Michael C. Hendershot (State Bar No. 211830)
mhendershot@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3939

Tracy A. Stitt
JONES DAY
51 Louisiana Avenue NW

-9-

**FILED UNDER SEAL – CONTAIN HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY MATERIAL**

Washington, DC 20001
Tel: (202) 879-3641
tastitt@jonesday.com

Sasha Mayergoyz
smayergoyz@jonesday.com
JONES DAY
77 W. Wacker Drive
Chicago, IL 60601
Tel: (312) 782-3939

Sanjiv P. Laud
slaud@jonesday.com
JONES DAY
90 South Seventh Street, Suite 4950
Minneapolis, MN 55402
Tel: (612) 217-8879

Dan L. Bagatell
PERKINS COIE LLP
3 Weatherby Road
Hanover, NH 03755-1923
Telephone: 602.351.8250
Facsimile: 602.648.7150
Email: DBagatell@perkinscoie.com

Andrew T. Dufresne
PERKINS COIE LLP
33 East Main St., Ste. 201
Madison, WI 53703
(608) 663-7492
ADufresne@perkinscoie.com

*Attorneys for Defendant in cases -5339; -5341; -5345*

*/s/ Robert W. Unikel*
Robert W. Unikel (IL Bar #6216974) (*pro hac vice*)
robertunikel@paulhastings.com
Matthew Richard Lind (IL Bar #6327241) (*pro hac vice*)
mattlind@paulhastings.com
PAUL HASTINGS LLP
71 South Wacker Dr., 45th Floor
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

Elizabeth L. Brann (CA Bar #222873)
elizabethbrann@paulhastings.com
Ariell Nicole Bratton (CA Bar #317587)
ariellbratton@paulhastings.com
PAUL HASTINGS LLP

**FILED UNDER SEAL – CONTAIN HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY MATERIAL**

4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi (NY Bar #3024676) (to be admitted *pro hac vice*)
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue, 26th Floor
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 318-6100

Christopher W. Kennerly (CA Bar #255932)
chriskennerly@paulhastings.com
PAUL HASTINGS LLP
1117 South California Avenue
Palo Alto, CA 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Grant N. Margeson (CA Bar #299308)
grantmargeson@paulhastings.com
PAUL HASTINGS LLP
101 California Street
Forty-Eighth Floor
San Francisco, California 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Tad Richman (CA Bar #268091)
tadrichman@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

Andrew T. Dufresne (DC Bar # 1081409) (*pro hac vice*)
ADufresne@perkinscoie.com
PERKINS COIE LLP
33 East Main St., Ste. 201,
Madison, WI 53703
Telephone: (608) 663-7492
Facsimile: (608) 663-7499

Dan L. Bagatell (CA Bar # 218879) (*pro hac vice*)
DBagatell@perkinscoie.com
PERKINS COIE LLP
3 Weatherby Road
Hanover, NH 03755-1923
Telephone: 602.351.8250

**FILED UNDER SEAL – CONTAIN HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY MATERIAL**

Facsimile: 602.648.7150

*Attorneys for Defendant in Case Nos. -5330, -5333, -5343, -4344*

**FILED UNDER SEAL – CONTAIN HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY MATERIAL**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on October 9, 2020.

                                                */s/ Deepa Acharya*

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

                                                */s/ Deepa Acharya*